**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF THOMAS D. PILKINGTON, BAR NO. 12472. | No. 67706 |
| IN THE MATTER OF DISCIPLINE OF THOMAS D. PILKINGTON, BAR NO. 12472. | No. 67969 |

FILED

NOV 06 2015

FRANCIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



## *ORDER OF SUSPENSION*

Docket No. 67706 is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's findings that attorney Thomas D. Pilkington violated RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4(c), (d) (misconduct), and the panel's recommendation that Pilkington be suspended from the practice of law for five years and one day.

The record reveals that the state bar filed a bar complaint alleging that Pilkington accepted and cashed a check from a client to handle a joint petition for divorce. According to the complaint, Pilkington prepared divorce documents, and the client and her estranged spouse executed the paperwork; however, Pilkington never filed the paperwork or contacted his client again. When the state bar attempted on numerous occasions to contact Pilkington at the addresses and phone numbers he had provided pursuant to SCR 79, the information was no longer current and/or any messages left were never returned. Pilkington, who was

admitted to practice in 2011, also failed to complete his required TIP mentoring program or pay his 2012 bar dues.[1] Pilkington did not respond to the complaint against him and did not appear at the disciplinary panel's hearing on the matter, and the case proceeded on a default basis.[2] The panel recommended that Pilkington be suspended from the practice of law for five years and one day, that he be required to pay restitution to the client whose divorce paperwork he never filed, and that he be required to pay the costs of the disciplinary proceedings.[3]

This court's automatic review of a disciplinary panel's findings and recommendations is de novo, SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992), and therefore, while the panel's recommendations are persuasive, we "must examine the record anew and exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

---

[1] Pilkington is currently administratively suspended from the practice of law for these failures. He is also on suspension for failing to comply with CLE requirements.

[2] The panel found that the state bar attempted to have Pilkington personally served with the pleadings regarding the complaint against him. The process server indicated that he made 11 unsuccessful attempts to serve Pilkington.

[3] The panel's recommendation was by a 4-1 vote; it is not clear what the dissenting member would recommend.

 

Having reviewed the record, we conclude that the panel's recommendation is appropriate. Accordingly, Pilkington is suspended from the practice of law in Nevada for five years and one day commencing from the date of this order. To be reinstated to the practice of law, Pilkington must successfully petition for reinstatement, SCR 102(2), successfully complete the bar examination, SCR 116(5), and pay the restitution set forth above. Pilkington shall pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 30 days of receipt of the state bar's bill of costs. The state bar shall comply with SCR 121.1.[4]

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Douglas

_____, J.          _____, J.
Cherry                               Saitta

_____, J.          _____, J.
Gibbons                              Pickering

---

[4]Docket No. 67969 is a petition by bar counsel under SCR 111(4) informing this court that Pilkington was convicted of one count of DUI, first offense, and that Pilkington failed to inform the state bar of the conviction under SCR 111(2). In light of Pilkington's suspension from the practice of law, we will take no action on the petition in Docket No. 67969.

cc: Chair, Southern Nevada Disciplinary Board
State Bar of Nevada/Las Vegas
Thomas D. Pilkington
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A